IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIE A. DANEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    C.A. No. |
| | : |
| EXXONMOBIL MEDICARE SUPPLEMENT PLAN and MANAGER-GLOBAL BENEFITS DESIGN, EXXON MOBIL CORPORATION, Administrator of the EXXONMOBIL MEDICARE SUPPLEMENT PLAN, | : |
| | : |
| Defendants. | : |

## COMPLAINT

### Parties

1.  Plaintiff, Marie A. Daney, is and was at all times relevant hereto, a resident of New Castle County, Delaware ("Ms. Daney" or "Plaintiff").

2.  Defendant, ExxonMobil Medicare Supplement Plan, is a welfare plan under ERISA (Employee Retirement Income Security Act – 29 U.S.C. § 1001 *et seq.*) providing benefits. Process may be served on the Plan at 4550 Dacoma, Houston, Texas 77092.

3.  Defendant, Manager-Global Benefits Design, Exxon Mobil Corporation is Administrator-Benefits is the Plan Administrator of the Plan ("Administrator," and collectively with the ExxonMobil Medicare Supplement Plan, "Plan"). Process may be served on the Administrator at 4550 Dacoma, Houston, Texas 77092.

4.  At all times relevant hereto, Ms. Daney was an eligible participant of the Plan as defined by the Plan.

## Jurisdiction and Venue

5. Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 1132(e)(1) and (f).

6. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) as the breach took place in this district.

## Facts

7. Ms. Daney was hospitalized in January 2005 due, in part, to the need for a wedge resection and gastrectromy and placement of a permanent gastrostomy tube.

8. In addition, Ms. Daney suffers from additional medical conditions including: dementia, dysphagia that requires a PEG tube for nutrition, congestive heart failure, coronary artery disease, ambulatory dysfunction, hypothyroidism, anemia and depression.

9. Ms. Daney was discharged from the hospital directly into Kentmere Nursing Home ("Kentmere") on January 5, 2005.

10. Kentmere is a Medicare-approved skilled-nursing facility.

11. Ms. Daney received, and continues to receive, skilled-nursing care at Kentmere.

12. From January 15, 2005 through April 25, 2005, Medicare approved, and covered, the skilled-nursing care received by Ms. Daney at Kentmere for the 100-day period.

13. In addition, the Plan, through its coordination of benefits provisions, approved, and covered, the skilled-nursing care at Kentmere for the 100-day period, subject to patient responsibility deductibles and co-pays.

14. However, after the 100-day period ended, the Plan determined that Ms. Daney miraculously no longer needed any skilled-nursing care.

15. On March 3, 2006, the Plan denied, through its claim administrator, Aetna Life Insurance Company, Ms. Daney benefits under the Plan for skilled-nursing care for the period from April 26, 2005 through March 3, 2006. See Denial Letter attached hereto and made a part hereof as Exhibit "A.

16. The Plan made this decision even though Ms. Daney continued to receive the same skilled-nursing care that she had received during the previous 100 days that were covered by both Medicare and the Plan.

17. The Plan made this decision even though Ms. Daney's medical condition and treatment had not changed since she had received the skilled-nursing care during the previous 100 days that were covered by both Medicare and the Plan.

18. Ms. Daney was confined to Kentmere primarily because she needed skilled care.

19. Ms. Daney's medical condition required daily skilled-nursing services which could only be provided in a skilled-nursing facility.

20. The skilled-nursing care continued without interruption from January 15, 2005.

21. The skilled-nursing care was primarily non-custodial care as provided under Medicare standards.

22. Although Ms. Daney's claim for skilled-nursing care was fully submitted by early January 2006, the Plan failed to make any determination regarding the claim until March 2006.

3

23. After receiving the denial letter, Ms Daney timely submitted a Level 1 mandatory medical appeal of the determination on June 29, 2006.

24. Interestingly, the March 3, 2006 denial letter had also been sent to Christiana Care Health Services, a hospital that had no involvement in the skilled-nursing care, and was not sent to Kentmere, the actual provider of the skilled-nursing care services that were being denied.

25. Ms. Daney's physician, Ralph Aurigemma, the Medical Director of Kentmere ("Dr. Aurigemma"), had prepared a letter dated April 17, 2006 that provided further reason and support for the necessity of continued skilled-nursing care for Ms. Daney. A true and correct copy of the letter is attached hereto and made a part hereof as Exhibit "B."

26. The letter from Dr. Aurigemma was submitted to the Plan in connection with the mandatory Level 1 appeal.

27. On August 29, 2006, the Plan denied Ms. Daney's appeal ("Appeal Denial Letter"). See letter attached hereto and made a part hereof as Exhibit "C."

28. The Appeal Denial Letter indicates that the claim was reconsidered, in part, by a physician certified in gynecology.

29. The Appeal Denial Letter also indicates that the period of service was from April 26, 2006 through March 3, 2006 which was clearly wrong.

30. The Appeal Denial Letter further indicates that the determination to deny the benefits was made utilizing "The Milliman Care Guildelines."

31. The Appeal Denial Letter further indicates that: "The Summary Plan Description for the PPO/Traditional Option through ExxonMobil defines coverage for Extended-Care facilities on pages 37 and 38."

4

32. Ms. Daney is not a participant under the PPO/Traditional Option through ExxonMobil.

33. The Appeal Denial Letter further indicates that the services were not "pre-authorized" as required by Ms. Daney's benefit plan.

34. The pre-authorization requirement is quoted from the PPO/Traditional Option through ExxonMobil plan in which Ms. Daney is not a participant.

35. It is evident that the Plan denied Ms. Daney's coverage for skilled-nursing care without even reviewing the facts or the proper plan.

36. Instead, the Plan denied the coverage for skilled-nursing care utilizing a form letter that quoted the wrong Summary Plan Description ("SPD") and attempted to impose conditions and requirements that were completely inapplicable to Ms. Daney's claim.

37. Aetna, as the claims administrator, and the Administrator of the Plan, both operate under a conflict of interest with respect to the denial of claims.

## First Cause of Action
### Wrongful Denial of Benefits – 29 U.S.C. § 1132(a)(1)(3)

38. Ms. Daney incorporates the allegations set forth in Paragraphs 1-37 as through fully set forth herein.

39. The SPD for the Plan dated March 2000, provides, on Page 29, that skilled-nursing care beyond the 100 days covered by Medicare is covered by the Plan when:

    (a) a participant is confined to the Medicare-approved skilled-nursing facility primarily because the participant needs skilled care;

    (b) the participant's condition requires daily skilled-nursing or skilled-rehabilitation services which, as a practical matter, can only be provided in a skilled-nursing facility;

5

(c) the participant's need for skilled care continues for a consecutive number of days without interruption beyond Medicare's 100 days; and

(d) a physician certifies a participant's need, and the participant receives, skilled nursing or skilled-rehabilitation services on a daily basis.

40. The SPD dated May 2005 that purports to include "modifications and supplements" through January 2006, adds, on Page 26, an additional subsection for skilled-nursing care that: "[t]he care rendered in the Medicare-approved skilled-nursing facility is primarily non-custodial care as determined by Aetna reasonably applying Medicare Standards.

41. Additionally, the May 2005 SPD states at Page 26: "Remember, you must need skilled-nursing care on a daily basis. Neither Medicare nor the ExxonMobil Plan will cover your stay if you need skilled-nursing care only occasionally, such as once or twice a week."

42. Neither of the SPD's require pre-certification for admission into a skilled-nursing facility.

43. Neither of the SPD's require that Milliman standards apply. On the contrary, the May 2005 SPD clearly provides that Medicare Standards apply.

44. Medicare does not use, or otherwise recognize, the Milliman standards.

45. The Plan applied the wrong standards when it denied Ms. Daney's claim for benefits for skilled-nursing care during the period from April 25, 2005 through March 3, 2006.

46. The Plan's denial of the claim for benefits for skilled-nursing care was wrongfully denied.

47. Ms. Daney is entitled to an award of her reasonable attorney's fees and costs under 29 U.S.C. § 1132(g) due to the necessity of having to bring this action as a result of the failure of the Plan to apply the correct standards to the consideration of her claims for benefits for skilled-nursing care.

WHEREFORE, under Count I, the Plan's determination denying coverage under the Plan for the period April 25, 2005 through March 3, 2006 should be reversed and the Plan should be compelled to provide coverage for the skilled nursing care received and Ms. Daney should be awarded her costs and attorney's fees.

### Second Cause of Action
### Injunction Requiring Plan to Utilize Correct Standards – 29 U.S.C. § 1132(a)(3)

48. Ms. Daney incorporates the allegations set forth in Paragraphs 1-47 as though fully set forth herein.

49. Ms. Daney has continued to receive skilled-nursing case since March 3, 2006 at Kentmere.

50. Ms. Daney intends to submit further claims to the Plan for skilled-nursing care benefits in the future.

51. The Plan has, in the past, applied an incorrect standard to benefits decisions for skilled-nursing care claims.

52. Ms. Daney is entitled to an injunction requiring the Plan to apply the standards set forth in the SPD's to claims submitted for skilled-nursing care.

53. Ms. Daney is entitled to an injunction requiring the Plan to cease using the "Milliman" standards in considering of claims for skilled-nursing care and to apply Medicare standards as provided for in the SPD's.

54. Ms. Daney is entitled to an injunction requiring the Plan to cease requiring pre-certification of skilled-nursing care since no such requirement exists in the SPD's.

55. Ms. Daney is entitled to an award of her reasonable attorney's fees and costs under 29 U.S.C. § 1132(g) due to the necessity of having to bring this action as a result of the failure of the Plan to apply the correct standards to the consideration of her claims for benefits for skilled-nursing care and the need to seek court intervention to compel the Plan to apply the correct standards to such claims in the future.

WHEREFORE, under Count II, a permanent injunction should be entered against the Plan requiring the Plan to apply the correct standards to claims for skilled-nursing care under the Plan, to cease using non-Medicare approved standards such as the Milliman Care Guidelines and requiring pre-certification and, instead, to apply Medicare standards in accordance with the SPD's and Ms. Daney should be awarded her attorney's fees and costs.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
(302) 571-1253/fax
tsnyder@ycst.com / ccrowther@ycst.com / fmuttamara-walker@ycst.com

Attorneys for Plaintiff, Marie A. Daney

Dated: October 25, 2006

DB02:5554780.4                                                                                       065688.1001

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIE A. DANEY,

## DEFENDANTS
EXXONMOBIL MEDICARE SUPPLEMENT PLAN and MANAGER-GLOBAL BENEFITS DESIGN, EXXON MOBIL CORPORATION, Administrator of the EXXONMOBIL MEDICARE SUPPLEMENT PLAN,

(b) County Of Residence Of First Listed Plaintiff: New Castle
    (Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
    (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys (Firm Name, Address, And Telephone Number)
Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
Young Conaway Stargatt & Taylor, LLP
P.O. Box 391
Wilmington, DE 19899-0391    (302) 571-6600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An X In One Box For Plaintiff And One Box For Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place An X In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 U.S.C. 881 | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL ROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 U.S.C. 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.):
29 U.S.C. § 1001
Brief description of cause:
Employee Retirement Income Security Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    ☐ YES ☐ NO    DEMAND $

Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE:    DOCKET NUMBERS:

DATE 10/25/06    SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DB02:5570482.1    065688.1001

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a)     **Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b)     **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

    (c)     **Attorneys.** Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___06-660___

## ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__10/25/06__
(Date forms issued)

_____
(Signature of Party or their Representative)

__JOHN D. RITTER__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action