IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIE A. DANEY,<br><br>        Plaintiff,<br><br>    v.<br><br>EXXONMOBIL MEDICARE SUPPLEMENT PLAN and MANAGER-GLOBAL BENEFITS DESIGN, EXXON MOBIL CORPORATION, Administrator of the EXXONMOBIL MEDICARE SUPPLEMENT PLAN,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-660-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT

Defendants ExxonMobil Medicare Supplement Plan and Manager-Global Benefits Design, Exxon Mobil Corporation, Administrator of the ExxonMobil Medicare Supplement Plan ("Defendants") hereby answer the Complaint of plaintiff Marie A. Daney ("Plaintiff") as follows.

Defendants deny each and every averment of the Complaint except as expressly admitted below.

### Parties

1. Defendants are without sufficient knowledge or information as to the averments contained in paragraph 1, and accordingly, said averments are deemed denied.

2. To the extent paragraph 2 states a legal conclusion, no responsive pleading is required. It is admitted that Plaintiff purports to bring this action against ExxonMobil Medicare Supplement Plan and that process may be served at the Texas address identified.

3. To the extent paragraph 3 states a legal conclusion, no responsive pleading is required. It is admitted that Plaintiff purports to bring this action against Manager-Global

Benefits Design, Exxon Mobil Corporation and that process may be served at the Texas address identified.

    4.    Admitted.

### Jurisdiction and Venue

    5.    Paragraph 5 states conclusions of law to which no responsive pleading is required.

    6.    Paragraph 6 states conclusions of law to which no responsive pleading is required. To the extent paragraph 6 is deemed to contain any factual averments, they are denied.

### Facts

    7.    It is admitted on information and belief that Plaintiff was hospitalized due, in part, to the need for a wedge resection and gastrectomy and placement of a permanent gastrostomy tube. The date of January 2005 stated in paragraph 7 is denied as stated.

    8.    It is admitted on information and belief that Plaintiff has several medical conditions, including dementia, congestive heart failure, coronary artery disease, ambulatory dysfunction, hypothyroidism, anemia and depression. It is admitted on information and belief that Plaintiff has dysphagia that requires a PEG tube. It is denied that the PEG tube provides total nutrition to Plaintiff.

    9.    Defendants are without sufficient knowledge or information as to the averments contained in paragraph 9, and accordingly, said averments are deemed denied.

    10.    On information and belief, paragraph 10 is admitted.

    11.    It is admitted on information and belief that Plaintiff received care at Kentmere from January 15, 2005 through March 3, 2006. It is denied that the care Plaintiff received was skilled-nursing care under the terms of the ExxonMobil Medicare Supplement Plan. Defendants are without sufficient knowledge or information as to what, if any, care Plaintiff received after March 3, 2006 and continues to receive, and accordingly, said averments are deemed denied.

-3-

12. On information and belief, it is admitted that Medicare covered the payments for the care Plaintiff received in the 100-day period; however, Defendants deny that such care was skilled-nursing care.

13. It is admitted that the ExxonMobil Medicare Supplement Plan made payments to Kentmere for care rendered to Plaintiff for the initial 100-day period. The phrase "through its coordination of benefits provision" is a legal conclusion that requires no response. It is denied that the ExxonMobil Medicare Supplement Plan approved skilled-nursing care at Kentmere or that Plaintiff received skilled-nursing care at Kentmere.

14. Denied as stated.

15. The first sentence of paragraph 15 is admitted. However, it is denied that a denial letter was attached to the filed Complaint as Exhibit A.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Paragraph 21 states conclusions of law to which no responsive pleading is required. To the extent paragraph 21 is deemed to contain any factual averments, they are denied.

22. Denied as stated. It is admitted that Defendants issued a denial letter in March 2006.

23. Defendants are without sufficient knowledge or information as to the exact date on which Plaintiff submitted a level 1 mandatory medical appeal. Defendants admit Plaintiff timely submitted a level 1 mandatory medical appeal.

24. It is admitted that the March 3, 2006 denial letter was sent inadvertently to Christiana Care Health Services. It is admitted that the March 3, 2006 denial letter was not originally sent to Kentmere which provided the disputed care. Defendants are without sufficient knowledge or information as to whether the March 3, 2006 denial letter was sent to Kentmere at a later time, and accordingly, the averments that the March 3, 2006 denial letter was not sent to Kentmere is denied. The remaining averments of paragraph 24 are denied. It is further averred that the March 3, 2006 denial letter was sent directly to Plaintiff.

25. It is admitted that Ralph Aurigemma ("Dr. Aurigemma") has held himself out to be the medical director of Kentmere and Plaintiff's physician. It is admitted that Dr. Aurigemma prepared a letter dated April 17, 2006. It is denied that Dr. Aurigemma's letter of April 17, 2006 provided further reason and support for the necessity of continued skilled-nursing care for Plaintiff. It is denied that the denial letter was attached to the Complaint as Exhibit B.

26. Admitted.

27. It is admitted that on August 29, 2006, the Plan denied Plaintiff's appeal. It is denied that the appeal denial letter was attached to the Complaint as Exhibit C.

28. Defendants admit the appeal denial letter indicates the claim was reconsidered in part by a physician certified in gynecology. Defendants aver that the appeal denial letter is a document that speaks for itself.

29. Defendants admit the appeal denial letter inadvertently indicates the period of service was from April 26, 2006 through March 3, 2006. Defendants aver that the appeal denial

-5-

letter is a document that speaks for itself. Defendants aver that the period of service considered by the Aetna Life Insurance Company was from April 26, 2005 through March 3, 2006.

30. It is admitted the appeal denial letter inadvertently indicates the decision to deny benefits was made using the Milliman Care Guidelines. Defendants aver that the appeal denial letter is a document that speaks for itself. Defendants further aver the Milliman Care Guidelines are not applicable to determining whether Plaintiff is eligible for benefits under the Plan in regards to skilled-nursing care.

31. Defendants admit Plaintiff has correctly quoted excerpts of the appeal denial letter. Defendants aver that the appeal denial letter is a document that speaks for itself.

32. Admitted.

33. It is admitted the appeal denial letter indicates that the services were not "pre-authorized" as required by Plaintiff's benefit plan. Defendants aver that the appeal denial letter is a document that speaks for itself.

34. It is admitted there is a pre-authorization requirement in the PPO/Traditional option through ExxonMobil plan in which Plaintiff is not a participant. Defendants aver that the appeal denial letter is a document that speaks for itself.

35. Denied.

36. It is admitted the appeal denial letter inadvertently references portions of the PPO/Traditional ExxonMobil Plan. Defendants aver that the appeal denial letter is a document that speaks for itself. The remaining averments of paragraph 36 are denied.

37. Paragraph 37 states conclusions of law to which no responsive pleading is required. The factual allegations, if any, are denied.

## First Cause of Action
## Wrongful Denial of Benefits - 29 U.S.C. § 1132(a)(1)(3)

38.    Paragraphs 1 through 37 of the Answer are restated and incorporated as if fully set forth herein.

39.    Denied as stated. Defendants admit Plaintiff has referenced excerpts from page 29 of the Summary Plan Description for the ExxonMobil Medicare Supplement Plan, but note that such statements from the Summary Plan Description are only excerpts and, accordingly, the entire Summary Plan Description must be read in its entirety for application purposes. To the extent Plaintiff has made other assertions about the contents of the Summary Plan Description for the ExxonMobil Medicare Supplement Plan, Defendants deny Plaintiff's characterizations about the contents of the Summary Plan Description of the ExxonMobil Medicare Supplement Plan and aver the document speaks for itself.

40.    Denied as stated. Defendants admit Plaintiff has referenced excerpts of page 26 of the Summary Plan Description of the ExxonMobil Medicare Supplement Plan dated May 2005, but note that such statements from the Summary Plan Description of the ExxonMobil Medicare Supplement Plan are only excerpts and, accordingly, the entire Summary Plan Description of the ExxonMobil Medicare Supplement Plan must be read in its entirety for application purposes. To the extent Plaintiff has made other assertions about the contents of the Summary Plan Description of the ExxonMobil Medicare Supplement Plan, Defendants deny Plaintiff's characterizations about the contents of the Summary Plan Description of the ExxonMobil Medicare Supplement Plan and aver the document speaks for itself.

41.    Defendants admit Plaintiff has referenced excerpts of page 26 of the Summary Plan Description of the ExxonMobil Medicare Supplement Plan dated May 2005, but note that such statements from the Summary Plan Description of the ExxonMobil Medicare Supplement

-7-

Plan are only excerpts and, accordingly, the entire Summary Plan Description of the ExxonMobil Medicare Supplement Plan must be read in its entirety for application purposes. To the extent Plaintiff has made other assertions about the contents of the Summary Plan Description of the ExxonMobil Medicare Supplement Plan, Defendants deny Plaintiff's characterizations about the contents of the Summary Plan Description of the ExxonMobil Medicare Supplement Plan and aver the document speaks for itself.

42. Denied as stated. Defendants respectfully refer Plaintiff to the Summary Plan Descriptions for the ExxonMobil Medicare Supplement Plan in their entirety and aver that these documents speak for themselves.

43. Denied as stated. However, Defendants admit that the Medicare standards apply to the Plaintiff's situation pursuant to the ExxonMobil Medicare Supplement Plan.

44. Defendants are without knowledge or information as to the averments contained in paragraph 44, and accordingly, said averments are deemed denied.

45. Denied.

46. Denied.

47. Paragraph 47 states a conclusion of law to which no responsive pleading is required. To the extent paragraph 47 is deemed to contain any factual averments, they are denied.

Defendants object to and deny that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of her Complaint.

### Second Cause of Action
### Injunction Requiring Plan to Utilize Correct Standards - 29 U.S.C. § 1132(a)(3)

48. Paragraphs 1 through 47 of the Answer are restated and incorporated as if fully set forth herein.

-7-

49. Defendants are without sufficient knowledge or information as to the averments contained in paragraph 49, and accordingly, said averments are deemed denied.

50. Defendants are without sufficient knowledge or information as to the averments contained in paragraph 50, and accordingly, said averments are deemed denied.

51. Denied.

52. To the extent paragraph 52 states a legal conclusion, no responsive pleading is required. To the extent paragraph 52 is deemed to contain any factual averments, they are denied.

53. To the extent paragraph 53 states a legal conclusion, no responsive pleading is required. To the extent paragraph 53 is deemed to contain any factual averments, they are denied.

54. To the extent paragraph 54 states a legal conclusion, no responsive pleading is required. To the extent paragraph 54 is deemed to contain any factual averments, they are denied.

55. Paragraph 55 states a legal conclusion to which no responsive pleading is required. To the extent paragraph 55 is deemed to contain any factual averments, they are denied.

Defendants object to and deny that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of her Complaint.

## Affirmative Defenses

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

RLF1-3092303-2

### Second Affirmative Defense

Plaintiff's claims are barred because she did not meet the qualifications to receive coverage for care in a skilled-nursing facility.

### Third Affirmative Defense

Plaintiff's claims are barred because the services she received did not need to be provided by a skilled-nursing facility.

### Fourth Affirmative Defense

Plaintiff's claims are barred because Plaintiff's conditions did not require skilled care.

### Fifth Affirmative Defense

Plaintiff's claims are barred because she was not receiving skilled-nursing or skilled-rehabilitation services.

### Sixth Affirmative Defense

Plaintiff's claims are barred to the extent her request for reimbursement is beyond the limit of the ExxonMobil Medicare Supplement Plan.

### Seventh Affirmative Defense

Plaintiff's claims are barred to the extent she failed to exhaust administrative remedies.

### Eighth Affirmative Defense

Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law, pursuant to statute, or during discovery proceedings of this case, and hereby reserve the right to amend their Answer and insert such defenses.

WHEREFORE, Defendants respectfully request that this action be dismissed in its entirety and that Defendants be awarded all costs and fees incurred in defending this action and whatever other relief the Court deems appropriate.

/s/ Kelly A. Green<br>
Jennifer C. Jauffret (#3689)<br>
Jauffret@rlf.com<br>
Kelly A. Green (#4095)<br>
Green@rlf.com<br>
Richards, Layton & Finger<br>
One Rodney Square, P.O. Box 551<br>
Wilmington, Delaware 19899<br>
302-651-7700<br>
Attorneys for Defendants

Dated: January 31, 2007

RLF1-3092303-2

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, I electronically filed the foregoing Answer to Complaint with the Clerk of Court using CM/ECF which will send notification of such filing to the following and on January 31, 2007, mailed, via first class mail, postage prepaid, copies of the same to:

>Timothy J. Snyder, Esquire
>Curtis J. Crowther, Esquire
>D. Fon Muttamara-Walker, Esquire
>Young, Conaway, Stargatt & Taylor
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801

*/s/ Kelly A. Green*
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants

RLF1-3110645-1